UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| KENDRA NICOLE WALKER,<br><br>              Plaintiff,<br>   v.<br>MB FINANCIAL BANK, N.A.,<br><br>              Defendant.<br>_____/ | No. C 13-03601 LB<br><br>**ORDER GRANTING MB FINANCIAL'S MOTION TO STAY THIS ACTION AND SETTING STATUS CONFERENCE**<br><br>[Re: ECF No. 11] |

**INTRODUCTION**

Plaintiff Kendra Nicole Walker has sued defendant MB Financial Bank, N.A. in federal court. Complaint, ECF No. 1.[1] Pursuant to the court's diversity jurisdiction, she brings four state law claims that relate to MB Financial's handling of her trust. See generally First Amended Complaint, ECF No. 5. Pursuant to *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), MB Financial asks the court to stay the action until an earlier-filed, pending action in Illinois state court is resolved. Motion, ECF No. 11. Ms. Walker does not oppose a stay, but she disagrees with MB Financial over its length. *See* Opposition, ECF No. 27. Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument and **VACATES** the January 16, 2013 hearing. Upon consideration of the papers submitted and the applicable legal authority, the court **GRANTS** MB Financial's motion and **STAYS** this action until the Illinois

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

C 13-03601 LB
ORDER

Action is resolved in its entirety and the Illinois court enters judgment.

**STATEMENT**

There are two actions relevant here, both of which involve the administration of the Kendra Nicole Walker Trust Dated March 26, 2007 (the "Trust"). Ms. Walker and MB Financial are co-trustees of the Trust, and Ms. Walker is the sole beneficiary of it. In the first action (the "Illinois Action"), MB Financial, as Co-Trustee of the Trust, filed a petition in Illinois state court asking for declaratory relief against Ms. Walker, in her individual capacity, as well as Grantor, Co-Trustee, and Beneficiary of the Trust. *See* MB Financial Bank, N.A. v. Kendra Nicole Walker, No. C13-CH-15828 (Circuit Court of Cook County, Ilinois, Chancery Division June 28, 2013); *see also* Strouse Declaration, Ex. A ("Petition"), ECF No. 12-1. In the second action (the "Federal Action"), Ms. Walker sued MB Financial for a variety of Illinois state law claims based on MB Financial's administration of the Trust. *See* First Amended Complaint, ECF No. 5. The following factual allegations are taken from the MB Financial's Petition in the State Action and Ms. Walker's First Amended Complaint in the Federal Action.

According to MB Financial, in early 2013, Ms. Walker began making financial demands that were out of character, including the following: seeking $250,000 to pay a non-refundable retainer fee to a California attorney for one year of services; texting a vice president of MB Financial on his personal cell phone to demand $700,000 in distributions from the Trust without giving any explanation of what the money was for, refusing to have the money deposited into a bank of her choice, but rather paid to her directly; requesting $800,000 for a down payment on a $4 million Beverly Hills home without providing any details about the purchase. Petition ¶¶ 17, 18, 20, 22. In addition, MB Financial alleges in the Petition that daily $1,000 withdrawals were made using Ms. Walker's ATM card, although she denies any knowledge of these withdrawals. *Id.* ¶ 21. Moreover, during that same time period, Ms. Walker demanded that she assume responsibility for making her rent and medical bill payments, but ultimately failed to pay them. *Id.* ¶ 19. She later agreed to allow MB Financial to resume making these payments when MB Financial brought past-due notices to Ms. Walker's attention. *Id.* MB Financial also alleges that it was informed by one of Ms. Walker's physicians that she was making poor decisions that "are jeopardizing her health and will shorten her

life," and that she should be placed into a health care facility. *Id.* ¶ 24.

On June 20, 2013, MB Financial received an email copy of a document purporting to amend the Trust to remove it as Co-Trustee and to transfer funds to Charles Schwab. *Id.* ¶¶ 29-30 & Ex. F. MB Financial alleges that the document was improperly notarized and did not comply with the terms of the Trust for removal of a Co-Trustee. *Id.* ¶¶ 31-34.

On June 28, 2013, MB Financial received a copy of another document purporting to revoke the Trust in its entirety and transferring the marketable assets to Charles Schwab for the benefit of Ms. Walker. *Id.* ¶ 37.

That same day, as a result of Ms. Walker's allegedly out-of-character financial demands and the purported Trust amendments, MB Financial initiated the State Action by filing its Petition asking the court to determine whether it could properly make the distributions that Ms. Walker has requested and whether the purported amendments to the Trust are valid. *See generally id.*

On August 2, 2013, over a month after the filing of the Illinois Action, Ms. Walker initiated the instant Federal Action pursuant to the federal diversity jurisdiction. Complaint, ECF No. 1. In her First Amended Complaint, she alleges four claims under Illinois law: conversion, intentional infliction of emotional distress, breach of fiduciary duty, and breach of contract. First Amended Complaint, ECF No. 5. Her claims all stem from her contention that MB Financial is interfering with her right to control and access the assets of the Trust and that the documents removing MB Financial as Trustee are valid. *See generally id.*

On September 23, 2013, in the Federal Action, MB Financial filed, pursuant to the *Colorado River* doctrine, a motion to stay this action until the Illinois Action is resolved. Motion, ECF No. 11; *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). Ms. Walker does not oppose a stay, but she disagrees with MB Financial over its length. *See* Opposition, ECF No. 27. In the Illinois Action, Ms. Walker filed a motion for summary judgment, which currently is pending. *See* Reply, Ex. A, ECF No. 34 at 6-16. She argues that the Federal Action should be stayed only until the Illinois court rules on her pending summary judgment motion. *See* Opposition, ECF No. 27.

# ANALYSIS

## I. LEGAL STANDARD

Under the *Colorado River* doctrine, a federal court may abstain from exercising its jurisdiction in favor of parallel state proceedings where doing so would serve the interests of "[w]ise judicial administration, giving regard to the conservation of judicial resources and comprehensive disposition of litigation." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976); *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15 (1983). "Exact parallelism" between the state and federal actions is not required; it is enough if the two actions are "substantially similar." *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989). Nonetheless, the Ninth Circuit has emphasized that "the *Colorado River* doctrine is a narrow exception to 'the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.'" *Holder v. Holder*, 305 F.3d 854, 867 (9th Cir. 2002) (quoting *Colorado River*, 424 U.S. at 817). Accordingly, a stay of proceedings pursuant to the Colorado River doctrine is appropriate only where "exceptional circumstances" are present. *Id.*

*Colorado River* and subsequent Ninth Circuit opinions have identified eight non-exhaustive factors to be considered on a motion for *Colorado River* stay or dismissal: (1) whether the state court first assumed jurisdiction over property; (2) inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings are inadequate to protect the federal litigant's rights; (7) whether exercising jurisdiction would promote forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court. *See id.* at 870; *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978-79 (9th Cir. 2011). These factors should be weighed in a "pragmatic, flexible manner with a view to the realities of the case at hand" and "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses*, 460 U.S. at 16, 21. Factors that are irrelevant to the particular inquiry are disregarded. *See* Nakash, 882 F.2d at 1415 n.6.

"[D]istrict courts must stay, rather than dismiss, an action when they determine that they should defer to the state court proceedings under *Colorado River*." *Coopers & Lybrand v. Sun-Diamond*

*Growers of CA*, 912 F.2d 1135, 1138 (9th Cir. 1990).  This is to "ensure [ ] that the federal forum will remain open if for some unexpected reason the state forum does turn out to be inadequate," "conserve court resources," and avoid the risk of "mak[ing] premature and speculative legal findings about the preclusive effect of various possible state judgments in choosing between a stay and a dismissal."  *Attwood v. Mendocino Coast Dist. Hosp.*, 886 F.2d 241, 243, 245 (9th Cir. 1989) (quotation omitted).

## II. THE COURT WILL STAY THE FEDERAL ACTION UNTIL THE ILLINOIS ACTION IS RESOLVED

Because the parties disagree about how long the Federal Action should be stayed for (i.e., only until the Illinois court rules on her pending summary judgment, as Ms. Walker wants; or until the Illinois Action is completely resolved, as MB Financial wants), the court addresses each of the factors bearing upon a Colorado River stay.

Neither party addresses the first factor—whether the state court first assumed jurisdiction over property.  *See generally* Motion, ECF No. 11; Opposition, ECF No. 36; Reply, ECF No. 34.  Even so, both actions involve the parties' contractual and fiduciaries duties and obligations, not property *per se*.  The court finds this factor to be irrelevant to the inquiry.

The second factor—inconvenience of the federal forum—is neutral.  Ms. Walker argues that California is an inconvenient forum because the Trust was formed in Illinois and MB Financial is a citizen of Illinois, and therefore there will be "a large number" witnesses and evidence in that state.  MB Financial, however, fails to specify any of these witnesses or provide the court with an idea about how much evidence is to be found in Illinois.  On the other hand, Ms. Walker resides in California.  On balance, the court does not believe that California is a particularly inconvenient forum.

The third factor—the desirability of avoiding piecemeal litigation—favors staying the Federal Action.  "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results."  *R.R. St. & Co. Inc.*, 656 F.3d at 979 (quotation omitted).  Although the two actions involve different claims, all of those claims involve the administration of the Trust.  Discovery taken in one action almost certainly will be relevant to

the other one. Ms. Walker's fear that she will have to re-take the same discovery if the Federal Action is stayed is unwarranted because they parties could agree to use discovery for both actions. Moreover, Ms. Walker acknowledges that, through her summary judgment motion, she has already asked the Illinois court to decide whether she properly revoked the Trust, and she admits the court's decision will have "some effect on" the Federal Action. Opposition, ECF No. 5. But this court will have to make the same determination to decide her claims here. *See generally* First Amended Complaint, ECF No. 5. This is piecemeal litigation.

The fourth factor—the order in which jurisdiction was obtained by the concurrent forums—also favors staying the Federal Action. While MB Financial filed the Illinois Action about a month before Ms. Walker filed the Federal Action, this does not end the inquiry. The Ninth Circuit has explained that "it is important not only to determine whether the state or the federal complaint was filed first, but also to assess how much progress has been made in the two actions." *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1257 (9th Cir. 1988) (citation omitted). And here, the Illinois Action is farther along: in the Illinois Action there are pending summary judgment proceedings, but in the Federal Action, nothing has occurred except the filing of the instant motion to stay; the court has not even had a case management conference.

The fifth factor—whether federal law or state law provides the rule of decision on the merits—clearly favors staying the Federal Action. MB Financial brought state law claims in Illinois state court. Ms. Walker's suit is in federal court because of diversity jurisdiction, and she brings four claims that arise under Illinois law. There is no doubt that the Illinois court is better suited to decide issues that involve Illinois law. *See Bushansky v. Armacost*, No. C 12–01597 WHA, 2012 WL 3276937, at *4 (N.D. Cal. Aug. 9, 2012) ("Given the high likelihood that this entire case is governed by Delaware law, there is wisdom in letting Delaware judges decide these issues."). And "[t]he absence of federal law claims in this case removes one concern which might otherwise override considerations such as avoiding piecemeal litigation." *Janupaul + Block Companies, LLC v. St. Paul Fire and Marine Ins. Co.*, 830 F. Supp. 2d 976, 985 (S.D. Cal. 2011).

The sixth factor—whether the state court proceedings are inadequate to protect the federal litigant's rights—also favors staying the Federal Action. "This factor is most often employed, and is

most important, where there are exclusively federal claims that could not be brought as part of the state-court action." *Bushansky*, 2012 WL 3276937, at *4 (citing *R.R. St. & Co. Inc.*, 656 F.3d at 981). This is because "[t]his factor involves the *state* court's adequacy to protect *federal* rights, not the federal court's adequacy to protect state rights." *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1370 (9th Cir. 1990) (citing *Moses*, 460 U.S. at 26). Here, there are no federal rights to be protected in either action.

The seventh factor—whether exercising jurisdiction would promote forum shopping—does not favor staying the Federal Action. The Ninth Circuit has held that "courts may consider the vexatious or reactive nature of either the federal or the state litigation" in an effort to avoid forum shopping—"[t]he practice of choosing the most favorable jurisdiction or court in which a claim might be heard." *R.R. St. & Co. Inc.*, 656 F.3d at 981 (quotation omitted). MB Financial does not address this factor in its papers, and the court has no reason to think that Ms. Walker has engaged in forum shopping. *Cf. Bushansky*, 2012 WL 3276937, at *5 (finding the federal action potentially to be "vexatious and reactive" where the federal complaint lifted identical text from the state action and made only minor modifications to the claims and relief, the state action was highly publicized, and the federal plaintiff chose to file a substantially similar federal suit than make his legal challenge in the state actions).

Finally, the eight factor—whether the state court proceedings will resolve all issues before the federal court—favors staying the action. With respect to this factor, substantial doubt about whether the state proceedings will resolve the federal action generally precludes the granting of a stay pursuant to *Colorado River*. *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993). But this does not mean that the actions need to be identical for the state court proceedings to resolve all of the issues before the federal court. Indeed, as the Seventh Circuit has made clear: "Just as the parallel nature of the actions cannot be destroyed by simply tacking on a few more defendants, neither can it be dispelled by repackaging the same issue under different causes of action." *Clark v. Lacy*, 376 F.3d 682, 686-87 (7th Cir. 2004) (finding federal and state actions to be parallel where the "additional" claims in the federal complaint (abuse of control, gross mismanagement, and waste of corporate assets) were premised on the defendants' alleged breach of

their fiduciary duties). Here, as mentioned above, while the two actions contain different claims—MB Financial brings a claim for declaratory relief in the Illinois Action and Ms. Walker brings claims for conversion, intentional infliction of emotional distress, breach of fiduciary duty, and breach of contract in the Federal Action—they all are based on the issues of whether Ms. Walker properly revoked the Trust and whether MB Financial must comply with her disbursement demands. Ms. Walker argues that the cases are not parallel because MB Financial is merely a "stakeholder" in the Illinois Action but is a defendant sued for damages in the Federal Action, but the court does not see how the relief changes things. She also argues that there are certain factual allegations at issue in the Federal Action that are not at issue in the Illinois Action (*i.e.*, $400,000 in payments made by MB Financial to an attorney retained by Ms. Walker; MB Financial's oversight of Ms. Walker's investments; MB Financial's failure to provide her with certain information), but as MB Financial points out in reply, Ms. Walker has raised these allegations in her summary judgment motion that is pending in the Illinois Action. *See* Reply, ECF No. 34 at 3. Accordingly, the court finds that the two actions are "substantially similar" and that the Illinois Action, while it may not resolve Ms. Walker's individual claims, it likely will resolve the issues that underlie them.

As five of the factors support staying the Federal Action, and only one factor does not support it, the court grants MB Financial's motion. The court does not see why the Federal Action should be stayed only until the Illinois court rules on Ms. Walker's summary judgment motion, however. It is not clear that the Illinois court's ruling on Ms. Walker summary judgment will resolve all of the issues. Staying the case until the Illinois Action is resolved entirely also will "ensure [ ] that the federal forum will remain open if for some unexpected reason the state forum does turn out to be inadequate," "conserve court resources," and avoid the risk of "mak[ing] premature and speculative legal findings about the preclusive effect of various possible state judgments." *Attwood*, 886 F.2d at 243, 245.

## CONCLUSION

Based on the foregoing, the court **GRANTS** MB Financial's motion. This action is **STAYED** until the Illinois Action is resolved in its entirety and the Illinois court enters judgment. Once the Illinois Court enters judgment, the parties shall file a joint status update about lifting the stay of this

C 13-03601 LB
ORDER                                        8

action.  In addition, the court **SETS** a status conference for March 27, 2014.  The parties may appear at it by telephone through Courtcall.  The parties shall file a joint status update regarding the Illinois Action no later than March 20, 2014.

**IT IS SO ORDERED.**

Dated: January 15, 2014

_____
LAUREL BEELER
United States Magistrate Judge